The Mayor, Clerk, and Council, *sitting as a Board of Canvassers of the City of Garden City*, v. E. L. Hall.

CANVASS OF VOTES —*Mandamus*—*Motion to Quash Should be Sustained.* Where an alternative writ of *mandamus* is granted to compel the officers of a city to canvass the votes cast at an election for a member of the school board, held in an outlying territory of the city, and the alternative writ shows that illegal votes were cast at the election, but that it is impossible for the officers of the city to separate the legal votes from the illegal votes, or to tell for whom the legal votes were cast, such writ states no cause of action, and a motion to quash the writ should be sustained.

### Error from Finney District Court.

THE opinion contains a sufficient statement of the case. Writ of *mandamus* allowed April 15, 1890. The defendant *Board of Canvassers* brings the case here.

*Milton Brown*, city attorney, for plaintiff in error; *A. G. C. Bierer*, and *Geo. E. Morgan*, of counsel.

Opinion by STRANG, C.: This was a proceeding in *mandamus* to compel the plaintiffs in error to canvass the votes cast at an election held in the outlying territory attached to Garden City for school purposes, on the 1st day of April, 1890, for the election of a member of the school board of said city. On the hearing of the application, the defendants below demurred to the application, which demurrer was overruled. An answer was then filed, which was in turn demurred to by the plaintiff below. This demurrer was sustained, and thereupon the court allowed the writ, ordering the defendants below to canvass the returns of said election, to declare the plaintiff below elected as a member of the school board of said city, and issue to him a certificate of election. To such action on the part of the court the defendants below objected, and bring the matter here for review.

The court, in allowing the peremptory writ in this case, required the defendants below to not only canvass the returns of the election described in the petition as having been held, but required them to declare the plaintiff below elected as a member of the school board of said city, and also issue to him a certificate of his election. In this the court exceeded its authority. It had no power, in any event, to require the defendants below to declare that Hall had been elected a member of said school board. This action of the court therefore was erroneous. But should the defendants below, on the petition in this case, have been required to canvass the returns of said election at all? We think not. The law never, under any circumstances, requires the performance, or attempted performance of an impossibility. Nor does it ever require a useless thing to be done. The petition in this case, with the exhibit attached thereto as a part of it, shows that, with but one officer to elect, 27 electors cast 44 votes. The petition thus shows that illegal votes were cast at that elec-

tion.   The petition does not show, nor attempt to show, how many of the votes cast were illegal, nor for whom such illegal votes were counted.   Nor is it possible from the face of the returns, made a part of the petition, to ascertain for whom the illegal votes were cast and counted.·   It is easy to discern, from the returns, that at least 17 illegal votes were cast, (and there may have been more than that number,) because there was but one officer to be elected, and there were 44 votes polled with but 27 electors voting.   The plaintiff below, in the body of his petition, assumes that there were 27 legal votes cast, and that he received 17 of them.   This he attempts to establish by attaching to his petition the returns of the election board of said election.   But the exhibit fails to support the allegation in the body of his petition, but on the other hand shows that it is impossible to ascertain from said exhibit the number of legal votes cast at said election, or for whom they were cast.   The petition, as it stands, showing that it was impossible for the defendants below to separate the legal votes from the illegal votes cast at said election, or to tell therefrom for whom the legal votes were cast, it was impossible for them to canvass the votes of said election and declare the result thereof.   It follows, then, that the plaintiff below, by his petition, did not make a sufficient showing to entitle him to the writ allowed.   We think the demurrer to said petition should, therefore, have been sustained.

As to the answer, if the plaintiff below had otherwise been entitled to the writ, we think the third defense set up in the answer was a sufficient defense to any right the plaintiff below claimed in his petition as ground for the writ, and that the demurrer thereto should, therefore, have been overruled.

For these reasons, we recommend that the judgment of the district court be reversed and the cause remanded for new trial.

By the Court: It is so ordered.

All the Justices concurring.